FILED

OCT 26 2021

Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) 4:21-cr-29 |
| v. | ) |
| | ) Judge: McDonough/Lee |
| HAROLD RAFAEL FLORAN and | ) |
| STEVEN LEON SCROGGINS | ) |

## INDICTMENT

### COUNT ONE

The Grand Jury charges that on or about March 26, 2019, in the Eastern District of Tennessee, the Defendant, STEVEN LEON SCROGGINS, in connection with the acquisition of a GSG Firefly firearm and a Taurus 9mm semi-automatic pistol, firearms purchased from Elk River Trading Company, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious oral and written statement to Elk River Trading Company, which statement was intended and likely to deceive Elk River Trading Company, as to a fact material to the lawfulness of such sale of the said firearms to the Defendant under chapter 44 of Title 18, in that the Defendant represented that he was the actual purchaser of the firearms when in fact he planned to transfer the firearms to another; in violation of Title 18, United States Code, Sections 922(a)(6).

### COUNT TWO

The Grand Jury further charges that on or about March 26, 2019, in the Eastern District of Tennessee, the Defendant, HAROLD RAFAEL FLORAN, knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly

possess in and affecting commerce, firearms; in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT THREE

The Grand Jury charges that on or about April 5, 2019, in the Eastern District of Tennessee, the Defendant, STEVEN LEON SCROGGINS, in connection with the acquisition of four (4) Taurus 9mm semi-automatic pistols, firearms purchased from Elk River Trading Company, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious oral and written statement to Elk River Trading Company, which statement was intended and likely to deceive Elk River Trading Company, as to a fact material to the lawfulness of such sale of the said firearms to the Defendant under chapter 44 of Title 18, in that the Defendant represented that he was the actual purchaser of the firearms when in fact he planned to transfer the firearms to another; in violation of Title 18, United States Code, Sections 922(a)(6).

## COUNT FOUR

The Grand Jury further charges that on or about April 5, 2019, in the Eastern District of Tennessee, the Defendant, HAROLD RAFAEL FLORAN, knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting commerce, firearms; in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT FIVE

The Grand Jury charges that on or about May 24, 2019, in the Eastern District of Tennessee, the Defendant, STEVEN LEON SCROGGINS, in connection with the acquisition of four (4) Taurus 9mm semi-automatic pistols and four (4) Hi-Point 9mm semi-automatic pistols, firearms

purchased from Elk River Trading Company, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious oral and written statement to Elk River Trading Company, which statement was intended and likely to deceive Elk River Trading Company, as to a fact material to the lawfulness of such sale of the said firearms to the Defendant under chapter 44 of Title 18, in that the Defendant represented that he was the actual purchaser of the firearms when in fact he planned to transfer the firearms to another; in violation of Title 18, United States Code, Sections 922(a)(6).

## COUNT SIX

The Grand Jury further charges that on or about May 24, 2019, in the Eastern District of Tennessee, the Defendant, HAROLD RAFAEL FLORAN, knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting commerce, firearms; in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT SEVEN

The Grand Jury further charges that from on or about May 24, 2019, through on or about June 11, 2019, in the Eastern District of Tennessee and elsewhere, the Defendants, HAROLD RAFAEL FLORAN and STEVEN SCROGGINS, aided and abetted by each other, not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, did willfully transfer sell, trade, give, transport, and deliver a firearm, that is, a 9mm Taurus semi-automatic pistol, to an unknown person, said person not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, and knowing and with reasonable cause to believe that said person was not then residing in the State of Tennessee, the State in which the Defendant was residing at

the time of the aforesaid transfer, sale, trade, giving, transportation, and delivery of the firearm, in violation of Title 18, United States Code, Sections 922(a)(5) and 2.

## COUNT EIGHT

The Grand Jury further charges that from on or about May 24, 2019, through on or about June 11, 2019, in the Eastern District of Tennessee and elsewhere, the Defendants, HAROLD RAFAEL FLORAN and STEVEN SCROGGINS, aided and abetted by each other, did knowingly possessd a firearm, that had been shipped and transported in interstate commerce, from which the manufacturer's serial number had been removed, altered, and obliterated, in violation of Title 18, United States Code, Sections 922(k) and 2.

## COUNT NINE

**Conspiracy to Unlawfully Transfer, Sell, Trade, Give, Transport, and Deliver Firearms to a Person or Persons Residing in Another State**

Beginning on or about February 20, 2019, and continuing until on or about June 11, 2019, in the Eastern District of Tennessee and elsewhere, the Defendants, HAROLD RAFAEL FLORAN and STEVEN SCROGGINS, neither of whom were a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, knowingly and intentionally conspired with each other and with other persons known and unknown, to commit violations of Title 18, United States Code, Sections 922(a)(5), that is, to willfully transfer sell, trade, give, transport, and deliver firearms to an unknown person, said person not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, and knowing and with reasonable cause to believe that said person was not then residing in the State of Tennessee, the State in which the Defendant and his conspirators were residing at the time of the aforesaid transfer, sale, trade, giving, transportation, and delivery of the firearm; in violation of Title 18, United States Code, Sections

371, and 922(a)(5).

## OVERT ACTS

In furtherance of this conspiracy and to achieve its objectives, the Defendants committed at least the following overt acts: The Defendants purchased firearms in the Eastern District of Tennessee and resold them illegally in the State of New York. Specifically, Defendant STEVEN LEON SCROGGINS purchased at least 14 firearms from Elk River Trading Company in Fayetteville, Tennessee, a federally licensed firearms distributor for the purpose of transferring the firearms to co-Defendant HAROLD RAFAEL FLORAN, a convicted felon prohibited from possessing firearms. Defendant HAROLD RAFAEL FLORAN transported the firearms to the State of New York where the weapons were illegally transferred. The Defendants removed the serial numbers from these firearms to prevent them from being traced back to the original purchase by Defendant STEVEN LEON SCROGGINS. One of the weapons, a Taurus 9mm semi-automatic pistol purchased on May 24, 2019, in Fayetteville, Tennessee by Defendant STEVEN LEON SCROGGINS, was recovered at a homicide scene in New York City, New York on April 10, 2020. The serial number of this firearm was defaced, but was able to be chemically restored, allowing it to be traced back to the purchase by Defendant STEVEN LEON SCROGGINS.

## **FORFEITURE ALLEGATIONS**

The preceding allegations contained in this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

Upon conviction of an offense in violation of Title 18, United States Code, Section 922 as set forth in this Indictment, the Defendants, HAROLD RAFAEL FLORAN and STEVEN LEON SCROGGINS, shall forfeit to the United States pursuant to Title 18, United States Code, Section

924(d) and Title 28, United States Code, Section 2461(c), their interest in any firearms and ammunition involved in the commission of the offense, including, but not limited to:

FIREARMS

    a) Four (4) Hi_Point 9mm pistols;

    b) Nine (9) Taurus 9mm pistols;

    c) One (1) GSG Firefly firearm; and

    d) Ammunition.

If any of the property described above, as a result of any act or omission of the Defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

A TRUE BILL

FOREPERSON OF THE GRAND JURY

FRANCIS M. HAMILTON III
Acting United States Attorney

By: Franklin P. Clark
Assistant U.S. Attorney